UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ILIR BURGAJ,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2623

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.10.)

In an order entered on September 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on September 29, 2026, (ECF No. 4), and Petitioner filed his reply on that same day, (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a native and citizen of Albania. (Pet., ECF No. 1, PageID.4.) Petitioner entered the United States in 2018 "as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed June 25, 2018." (Notice to Appear (NTA), ECF No. 4-1, PageID.24.)

On August 27, 2019, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with removability under Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(B) . . . [because he] ha[d] remained in the United States for a time longer than permitted." (*Id.*) Approximately one year after entering the United States, Petitioner filed an application for asylum. (Pet., ECF No. 1, PageID.5.) On May 28, 2026, the immigration court denied Petitioner's asylum application and ordered him removed to Albania. (*Id.*; Order of the Immigration Judge (IJ), ECF No. 4-3, PageID.32–35.) On June 25, 2026, Petitioner appealed his removal order, and his appeal remains pending with the Board of Immigration Appeals (BIA). (Pet., ECF No. 1, PageID.5.) *See also* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "201-887-086" for the A-Number, select "Albania" for the Nationality, and select Submit) (last visited September 30, 2026), (hereinafter, "Automated Case Information Website for Petitioner's Immigration Case"). On September 15, 2026, DHS agents encountered and arrested Petitioner. (*Id.*, PageID.2.) Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[1]

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *cf. Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] [(]BIA[)].'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v.*

("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

*Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner asks the Court to order his immediate release. (Pet., ECF No. 1, PageID.10.) Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States, and they concede that he has the right to request a bond hearing in Immigration Court under § 1226(a). (Resp., ECF No. 4, PageID.20–21.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (*Id.*, PageID.21.)

There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case. Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.[2]

[2] If contrary to Respondents' concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 1, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge